UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R2X, LLC<br>   d/b/a Ready-2-Xecute,<br><br>                  Plaintiff,<br><br>                  v.<br><br>AUSTIN WINDSOR,<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 1:23-cv-01568-SEB-MKK<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR PERMANENT INJUNCTION AND ORDER OF DISMISSAL**

Plaintiff R2X, LLC d/b/a Ready-2-Xecute ("R2X") brought this action against former employee Defendant Austin Windsor ("Mr. Windsor") for breaching various post-employment restrictions contained in his employment agreement with R2X, including the non-solicitation of R2X's current and prospective customers as well as the non-disclosure of trade secrets and confidential information. Now before the Court is the parties' Joint Motion for Permanent Injunction and Order of Dismissal, dkt. 37, filed on May 31, 2024. For the reasons explained below, the parties' motion is **DENIED**.

"Parties may settle litigation by entry of a consent decree, consent judgment, or stipulated judgment." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 967–68 (S.D. Ind. 2017). "A consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). "As the judgment of a federal court, a consent decree 'is an exercise of

federal power, enforceable by contempt.' " *Lopez-Aguilar*, 296 F. Supp. 3d. at 967 (quoting *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 338 (7th Cir. 1987)).

Here, the parties move the Court to enter their "Agreed Permanent Injunction," according to which Mr. Windsor is barred for a twenty-four (24) month period from directly or indirectly soliciting R2X's current and prospective customers, and is further required "to direct any of R2X's customers who contact him seeking to engage R2X's services to contact R2X's representatives." Dkt. 37-1 at 4. For a twelve (12) month period, Mr. Windsor is barred from disclosing R2X's confidential information, except with the prior written consent of R2X's chief executive officer. Mr. Windsor must "immediately return or destroy all R2X property" and confidential information in his possession, *id.*, but he is permitted to update his social media profiles and connect with R2X's customers, so long as he abstains from substantive communications. The Agreed Permanent Injunction provides that this Court "shall retain jurisdiction" solely to enforce the terms therein. *Id.* Although the matter is to be "dismissed without prejudice," "[u]nless enforcement proceedings are pending, this case will be treated for all purposes as dismissed with prejudice . . . ." *Id.* Although nominally titled an "Agreed Permanent Injunction," we regard the parties' submission as a consent decree embodying the terms of their settlement agreement. *See Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("Settlement agreements that contain equitable terms, an injunction for example, will usually be embodied in a consent decree so that the judge will have continuing jurisdiction to enforce their terms.").

Our review of a proposed consent decree begins with "the federal policy encouraging settlement." *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir.

2011). But a "federal court is more than a recorder of contracts from whom private parties may purchase injunctions." *Kasper*, 814 F.2d at 338. Indeed, "litigants wishing the Court to issue a consent [decree] must argue why the [decree] should issue, and cannot expect the Court unreflexively to endorse their agreement with the full authority of the federal judiciary." *Metro. Life Ins. Co. v. Hanni*, No. 1:17-cv-80-TLS, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017). "[A] consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction," meaning that "the consent decree must 'come within the general scope of the case made by the pleadings.' " *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (quoting *Pacific R. Co. v. Ketchum*, 101 U.S. 289, 297 (1880)). Furthermore, "the judge must satisfy [her]self that the decree is consistent with the Constitution and laws [and] does not undermine the rightful interests of third parties." *State v. City of Chicago*, 912 F.3d 979, 987 (7th Cir. 2019) (quoting *Kasper*, 814 F.2d at 338). And, in light of the fact that consent decrees require the district court to commit time, attention, and resources to supervising a private settlement agreement, litigants must demonstrate that the consent decree will entail "an appropriate commitment of the court's limited resources." *Id.* Finally, the court must conclude that the consent decree is "fair, adequate, reasonable, and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Bass v. Fed. Sav. & Loan Ins. Corp.*, 698 F.2d 328, 330 (7th Cir. 1983); *see also E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F. 2d 884, 889 (7th Cir. 1985).

Returning to the case at bar, the parties' joint motion fails to address any of the aforementioned factors and offers not a single, meaningful justification for the Court's

3

exercise of equitable relief. Such deficiency, in and of itself, warrants the denial of their motion, as district courts do not simply "rubber stamp" litigants' proposed consent decrees. *Duncanson v. Wine & Canvas IP Holdings LLC*, No. 1:16-CV-00788-SEB-DML, 2020 WL 2840010, at *3 (S.D. Ind. May 29, 2020). Confusing matters more is the tendered injunction's statement that the Court shall retain jurisdiction for the purpose of enforcing it. "[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it." *United States v. Fisher*, 864 F.2d 434, 436 (7th Cir. 1988). Therefore, a provision purporting to preserve the district court's jurisdiction is "superfluous," *id.*, and "risk[s] future confusion as to our jurisdiction—where confusion is least tolerable," *Sec. & Exch. Comm'n v. New*, No. 1:18-CV-03975-SEB-MJD, 2019 WL 483710, at *2 (S.D. Ind. Feb. 7, 2019).

Accordingly, the Joint Motion for Permanent Injunction and Order of Dismissal, dkt. 37, is **DENIED without prejudice**. The parties are granted leave to file an amended motion within thirty (30) days of the date of this Order that properly addresses their entitlement to the entry of a permanent injunction and order of dismissal and corrects the deficiencies noted above. Alternatively, the parties may convert their joint motion into a joint stipulation of dismissal, in which case the Court would not retain jurisdiction to enforce their settlement.

IT IS SO ORDERED.

Date: 8/30/2024

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

Kaylin Oldham Cook
Paganelli Law Group
kcook@paganelligroup.com

Amanda C. Couture
Paganelli Law Group
amanda@paganelligroup.com

Todd J. Kaiser
Ogletree Deakins
todd.kaiser@ogletree.com

Kate Elizabeth Trinkle
Ogletree Deakins
kate.trinkle@ogletreedeakins.com